Filed 9/12/16  P. v. Roberson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069639 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD225297) |
| FREDRICK DWAYNE ROBERSON et al., | |
| Defendants and Appellants. | |

APPEALS from judgments of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Boyce & Schaefer and Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant Frederick Dwayne Roberson.

Mary Woodward Wells, under appointment by the Court of Appeal, for Defendant and Appellant Dontaye Coleman Craig.

Kamala D. Harris, Attorney General, for Plaintiff and Respondent.

Codefendants Dontaye Coleman Craig and Fredrick Dwayne Roberson appeal judgments following a resentencing hearing conducted pursuant to our remittitur in a

prior appeal of this matter. (*People v. Craig, et al.* (June 5, 2015, D063070) [nonpub. opn.].) The below background information is partly taken from our prior opinion.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Craig, Roberson, and another individual who is not a subject of this appeal, instigated a physical altercation with rival gang members in the Gaslamp Quarter area of downtown San Diego. During the fight a rival gang member was shot several times, and stray bullets struck two bystanders, killing one of them. Defendants were prosecuted as perpetrators, direct aiders and abettors, and aiders and abettors of the target crimes of simple assault or public fight, the natural and probable consequences of which were the shootings.

The jury convicted defendants of first degree murder (Pen. Code,[1] § 187, subd. (a); count 1), attempted murder (§§ 664/187, subd. (a); count 2), and assault with a firearm (§ 245, subd. (a)(2); count 3). On counts 1 and 2, the jury found true that a principal personally used a firearm within the meaning of section 12022.53, subdivisions (b)-(e)(1), and as to counts 1 through 3, it found true the allegation that defendants committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang within the meaning of section 186.22, subdivision (b)(1).

The court sentenced Craig to 11 years eight months, plus 75 years to life. Roberson admitted to two prior strike convictions (§ 667, subds. (b)-(i)), one prior serious

---

[1]     All statutory references are to the Penal Code.

2

felony conviction (§ 667, subd. (a)(1)), and one prior prison term (§ 667.5, subd. (a)). The court sentenced him to 20 years, plus 189 years to life.

While this case was on appeal the first time, the California Supreme Court held in *People v. Chiu* (2014) 59 Cal.4th 155, 158-159 (*Chiu*) that as a matter of law there is no aider and abettor culpability for first degree premeditated murder under the natural and probable consequences doctrine. The People conceded the judgment must be reversed insofar as defendants' first degree murder convictions are concerned because the jury was instructed that guilt could be based on the natural and probable consequences doctrine, and the record did not show beyond a reasonable doubt that the jury did not rely on the doctrine. We directed the trial court to give the People the option of accepting a reduction of defendants' first degree murder convictions to second degree murder or retrying them on the greater offense. (*Chiu, supra,* at p. 168.)

We also modified the judgment to vacate Roberson's consecutive five-year gang enhancement imposed on count 3 under section 186.22, subdivision (b)(1) and replace it with the 15-year minimum term for parole eligibility required by section 186.22, subdivision (b)(5). Further, we directed the court to modify defendants' abstracts of judgment to comport with its oral pronouncement regarding victim restitution. On remand, the People elected to accept a reduction of both defendants' first degree murder convictions to second degree murder.

The court resentenced Craig to a total of 11 years eight months, plus 65 years to life as follows: On count 1, it imposed 15 years to life and a consecutive 25-year-to-life

3

term on the firearm enhancement.  On count 2, it imposed an upper term of nine years for attempted murder and a consecutive 25-year-to-life term on the firearm enhancement (§ 12022.53, subds. (d), (e)(1)).  On count 3, it imposed one year for assault with a firearm plus one year eight months for the gang enhancement (§ 186.22, subd. (b)(1).)

The court denied Roberson's motion to strike his prior strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and sentenced him to a determinate term of 15 years based on his serious felony prior, and an indeterminate term of 159 years to life as follows:  45 years to life on the second degree murder conviction plus 25 years to life for the gang enhancement; on the attempted murder conviction, 39 years to life, plus 25 years to life for the firearm enhancement; on the assault with a firearm conviction, a 25-year-to-life term.

Defendants appeal under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We offered defendants the opportunity to file their own briefs on appeal but they did not respond.

## DISCUSSION

Both defendants' appellate counsel state they are unable to identify any reasonably arguable issues for appeal and have asked this court to review the record for error. (*Wende, supra*, 25 Cal.3d 436.)  Pursuant to *Anders*, *supra*, 386 U.S. 738, Craig's counsel has identified the following issues in order to assist the court in its search for error:

(1)  Did the trial court abuse its discretion by sentencing Craig to the upper term on count 2?

4

(2) Did the trial court abuse its discretion by sentencing Craig to serve consecutive terms on counts 1 and 2?

(3) Did Craig's sentence constitute cruel and unusual punishment?

Roberson's counsel has identified the following issues in order to assist the court in its search for error:

(1) Did the court err by denying Roberson's *Romero* motion?

(2) Did Roberson's sentence constitute cruel and unusual punishment in light of the fact Roberson was 22 years old when he committed the crimes?

We have reviewed the entire record consistent with the mandate of *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. We have not identified any reasonably arguable issues for reversal on appeal. Craig and Roberson have been represented by competent counsel on this appeal.

## DISPOSITION

The judgments are affirmed.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

HALLER, J.

5